[Civ. No. 10692. Second Appellate District, Division Two.—February 7, 1936.]

CORONA INVESTMENT CO. (a Corporation), Respondent, v. F. C. RIEDMAN et al., Appellants.

H. W. Elliott and Robert E. Moore, Jr., for Appellants.

E. V. Knauf and W. Ward Johnson for Respondent.

WOOD, J.—Defendants appeal from a judgment against them in the sum of $6,798.79, rendered in an action to recover 50 per cent of the cost of certain oil well casing. A contract was made on May 8, 1929, by defendants, as lessors, and F. M. Barkwill and E. L. Howard, as lessees, whereby the lessees agreed to drill an oil well on the property of the lessors. The lease contained the following provision: "In the case of abandonment of any well by Lessee, if the Lessor

desires to retain the same, he may notify the Lessee to that effect and thereupon the Lessee shall leave such casing in the well as the Lessor may require, and the Lessor shall pay to the Lessee fifty per cent (50%) of the original cost of such casing on the ground.'' The original lessees drilled a well to the depth of 1200 feet and assigned their rights to J. C. Baddeley and Frank E. Lewis who continued the drilling and placed additional casing in the well. Thereafter the sublessees abandoned the well. Their rights have been assigned to the plaintiff.

It is now contended by defendants that the subject matter of the action has been adjudicated in another action. After the abandonment of the well the present defendants on October 24, 1930, commenced an action in the superior court to quiet title to the real estate involved in the lease. Among the defendants therein named were the original lessees and the sublessees. A default judgment was entered in favor of the Riedmans, but this judgment was vacated on February 21, 1931. Between the date of the entering of the default judgment and February 21, 1931, the Riedmans entered into a new lease with Chiksan Oil Company, Ltd., covering the well and gave the last-named company a bill of sale of the casing, with warranty of title. After the default judgment was set aside defendants Baddeley and Lewis filed an answer claiming that their rights in the lease had not been forfeited and asking to have quieted their title to the casing. They also filed a cross-complaint naming Chiksan Oil Company, Ltd., as cross-defendant and sought to quiet their title to the well and casing as against the cross-defendant. Upon the trial of the action defendants Baddeley and Lewis sought to amend their pleadings for the purpose of asserting their claim to 50 per cent of the cost of the casing. Their motion was opposed by the Riedmans and the trial court sustained their objection, making this observation: ''I think that is a matter of a separate action. It seems inconsistent to the court to allow you to file the cross-complaint in this quiet title suit. I think I will sustain the objection. You will have to file another action.'' The Riedmans prevailed in the action and the judgment was affirmed on appeal. (*Riedman* v. *Barkwill,* 139 Cal. App. 564 [34 Pac. (2d) 744].)

Under the circumstances outlined the defendants' plea of *res judicata* cannot be upheld. They prevented plaintiffs'

650

attempt to have the present issue determined in the former action and now inconsistently seek to have the court declare that the entire controversy, including the present issue, was in fact adjudicated in the former action. (*United Bank & Trust Co.* v. *Hunt,* 1 Cal. (2d) 340 [34 Pac. (2d) 1001].)

 Defendants contend that the finding that they notified plaintiffs of their desire to retain the casing is not supported by the evidence. Defendants sold the casing to the Chiksan Company with warranty of title. The casing remained in the well and was actually used by the Chiksan Company in the production of oil. The witness Fairfield testified that defendant F. C. Riedman, who handled the transaction on behalf of both defendants, told Baddeley and Lewis in his presence that he desired to acquire the casing with a view to using the well. Other evidence to sustain the finding appears in the record. The finding is amply supported.

Other points made by defendant are not of sufficient importance to justify discussion.

The judgment is affirmed.

Crail, P. J., and Gould, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 6, 1936.